# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1296**

**CA 11-01428**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

A.J. BAYNES FREIGHT CONTRACTORS, LTD., AJAC
TRUCKING, LLC, AND LENNON WILLIAMS,
PLAINTIFFS-RESPONDENTS,

V                                      MEMORANDUM AND ORDER

NORMAN L. POLANSKI, JR., AS MAYOR OF CITY OF
LACKAWANNA, CITY COUNCIL OF CITY OF LACKAWANNA,
JAMES L. MICHEL, AS CHIEF OF CITY OF LACKAWANNA
POLICE DEPARTMENT AND CITY OF LACKAWANNA,
DEFENDANTS-APPELLANTS.

---

HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

PHILLIPS LYTLE LLP, BUFFALO (ALISA A. LUKASIEWICZ OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 5, 2010 in a declaratory judgment action. The judgment, among other things, declared City of Lackawanna Municipal Code § 215.53, as amended effective March 3, 2009, unconstitutional and invalid.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part of the third decretal paragraph declaring that defendant City of Lackawanna Municipal Code § 215.53 is unconstitutional and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking a declaration that section 215.53 of the City of Lackawanna Municipal Code, as amended on March 3, 2009 (hereafter, 2009 ordinance), is invalid and unconstitutional. The 2009 ordinance established a truck route system that prohibits heavy trucks, i.e, those having a gross weight in excess of 10,000 pounds, from traveling on all but two specified routes within defendant City of Lackawanna (City). The 2009 ordinance also contained an exception for local deliveries that the parties agree is not relevant to this appeal. Prior to the 2009 amendment, the ordinance allowed heavy trucks to travel on a third route as well, namely, South Park Avenue, but the 2009 ordinance prohibited such trucks from traveling on that route. The 2009 ordinance allegedly caused a hardship for plaintiffs, all of whom are involved in the delivery of milk to the Sorrento cheese manufacturing

plant in the City of Buffalo, just north of the Lackawanna border. Because their trucks could no longer travel on South Park Avenue, plaintiffs had to take a longer and more circuitous route to reach the Sorrento plant.

We agree with plaintiffs that Supreme Court properly determined that the 2009 ordinance is invalid under Vehicle and Traffic Law § 1640 (a) (10) to the extent that it prohibits heavy trucks to travel on South Park Avenue, and thus properly issued a declaration that the ordinance in question is invalid.  Section 1640 (a) (10) provides that any system of truck routes established by a city or village "shall provide suitable connection with all [S]tate routes entering or leaving such city or village."  The purpose of the statute is to ensure that State thoroughfares "enable vehicles passing through to proceed . . . to and from their destinations" (*People v Grant,* 306 NY 258, 266).  Although the court erred in determining that South Park Avenue is a State route within the City, there is no dispute that, south of the City's limits, it becomes U.S. Route 62 and is maintained by the State.  Thus, South Park Avenue is a State route as it "enter[s] or leav[es]" the City within the meaning of section 1640 (a) (10), and the truck route system established by the 2009 ordinance fails to provide any connection between U.S. Route 62 as it enters the City and the City's truck route system.  Contrary to defendants' contention, the fact that the trucks may travel on other State routes within the City to reach the Sorrento plant does not satisfy the "suitable connection" requirement with respect to U.S. Route 62 (*id.*).  Indeed, the statute provides that the truck route system of a city or village "shall provide suitable connection with *all* [S]tate routes" (*id.* [emphasis added]), rather than merely *some* State routes.

We also reject defendants' contention that the 2009 ordinance is authorized by Vehicle and Traffic Law § 1640 (a) (5), which provides that a city or village may exclude trucks from its highways regardless of weight, and/or by subdivision (a) (20) of section 1640, which allows a city or village to exclude trucks "in excess of any designated weight," length, or height, or eight feet in width, from its highways.  Although neither of those statutory subdivisions contains a "suitable connection" requirement for State routes, we agree with plaintiffs that, because the three provisions are in pari materia, they must be read together and harmonized.  To interpret paragraphs (5) and (20) of section 1640 (a) as defendants suggest would effectively remove the "suitable connection" requirement of paragraph (10) from the statute entirely.  That interpretation would not only defeat the purpose of the "suitable connection" requirement, but it would also be contrary to the rule of interpretation directing that "[e]very part of a statute must be given meaning and effect . . ., and the various parts of a statute must be construed so as to harmonize with one another" (*Heard v Cuomo*, 80 NY2d 684, 689).  In sum, because the truck route system established by the 2009 ordinance provides no suitable connection whatsoever for heavy trucks entering the City on U.S. Route 62, we conclude that it is invalid under section 1640 (a) (10).

We further conclude in any event that the 2009 ordinance also is

invalid under the "access highway" regulations of the Department of Transportation (DOT) to the extent that it prohibits heavy truck traffic on Ridge Road and South Park Avenue south of Ridge Road (*see* 17 NYCRR 8000.7 [a] [2]; 8114.00 [q], [ae]).  Pursuant to Vehicle and Traffic Law § 100-a, an access highway "provid[es] access between a qualifying highway" and, inter alia, terminals and facilities for food, fuel and repairs.  Pursuant to Vehicle and Traffic Law § 134-a, qualifying highways generally are those that, inter alia, make up the interstate highway system, and DOT has mandated that heavy truck traffic is generally allowed on access highways (*see* 17 NYCRR 8000.7 [a]).  Contrary to defendants' contention, the authority granted to cities and villages under Vehicle and Traffic Law § 1640 does not trump the authority of DOT over access highways.  In fact, the Legislature has specifically delegated to DOT the authority to "designate public highways within the [S]tate as access highways" (§ 1627 [b]).  We conclude that the statutory scheme reflects the intent of the Legislature that DOT's authority to designate access highways acts as a limitation on the authority of municipalities to regulate truck traffic.

We reject defendants' further contention that DOT may only designate highways that are part of the State highway system - which would necessarily exclude Ridge Road and South Park Avenue within the City - as access highways.  Vehicle and Traffic Law § 1627 (b) authorizes DOT to designate any "public highway[]" as an access highway.  While it is true that DOT's own regulations refer to access highways as "State highways" (17 NYCRR 8000.4), DOT has not interpreted that reference to be a limitation on the authority granted to it by section 1627 (b) to designate any "public highway[]" as an access highway.  Rather, it has consistently interpreted its own regulation as allowing any public highway to be designated as an access highway (*see e.g.* 17 NYCRR 8114.00, 8126.00), and does not limit such designation to those roads that make up the State highway system (*see generally* Highway Law § 341).  " '[T]he interpretation given to a regulation by the agency which promulgated it and is responsible for its administration is entitled to deference if that interpretation is not irrational or unreasonable' " (*Matter of Fairport Baptist Homes v Daines*, 60 AD3d 1356, 1357, *lv denied* 12 NY3d 714, quoting *Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549), and, particularly in light of the broad authority delegated to DOT under Vehicle and Traffic Law § 1627 (b), we conclude that DOT's interpretation is neither irrational nor unreasonable.

We agree with defendants, however, that the court erred in declaring that the 2009 ordinance is unconstitutional, and we therefore modify the judgment accordingly.  "Courts should not decide constitutional questions when a case can be disposed of on a nonconstitutional ground" (*Matter of Beach v Shanley*, 62 NY2d 241, 254).  Because the court properly declared the 2009 ordinance invalid on statutory grounds, the court should not have addressed plaintiffs' constitutional challenge to the 2009 ordinance.

Entered:  December 30, 2011

Frances E. Cafarell
Clerk of the Court